[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13042
_____

D.C. Docket No. 9:13-cv-81324-WJZ


LUIS P. RODRIGUEZ,

Plaintiff-Appellee,

versus

RIC L. BRADSHAW,
in his official capacity as Sheriff of Palm Beach County, et al.,

Defendants,

RICHARD BURDICK,
CHRISTOPHER WOLFE,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 22, 2016)

Before HULL and MARTIN, Circuit Judges, and WRIGHT,[*] District Judge.

PER CURIAM:

Defendants Richard Burdick and Christopher Wolf appeal the district court's denial of qualified immunity as to Count VIII of the complaint, which involved claims under 42 U.S.C. § 1983 for excessive force against Defendant Wolf in his individual capacity and for, *inter alia*, substantive due process violations against Defendant Burdick in his individual capacity.

The district court also denied the defendants' summary judgment motions as to (1) Count III of the complaint, alleging a state-law claim of excessive force against only the Defendant Sheriff Ric Bradshaw, in his official capacity, "as founded on the actions of Defendant Wolf"; and (2) Count IV of the complaint, alleging a state-law claim of excessive force against Defendant Wolf in his individual capacity. Defendant Bradshaw did not file a notice of appeal or a brief in this appeal. Defendants Burdick and Wolf appealed only as to Count VIII and not as to Count IV.

After review and oral argument, we conclude that the district court erred in denying summary judgment to Defendant Burdick on the substantive due process claims in Count VIII because the federal law as to those claims was not clearly established at the time of the events, and Defendant Burdick was entitled to

---

[*] Honorable Susan Webber Wright, United States District Judge, for the Eastern District of Arkansas, sitting by designation.

qualified immunity on all claims in Count VIII.  We conclude, however, that disputed issues of material fact exist as to under what circumstances and how long the dog, "Billy," was engaged in biting plaintiff's leg, among other factual issues on that claim.  Thus, we cannot say that the district court erred in denying qualified immunity as a matter of law to Defendant Wolf on plaintiff's § 1983 excessive force claim against him in Count VIII.

**AFFIRMED IN PART AND REVERSED IN PART.**

WRIGHT, District Judge, concurring in part and dissenting in part:

I join the portion of the majority opinion concluding that Defendant Burdick is entitled to qualified immunity and that the district court erred in denying summary judgment in his favor. I respectfully dissent as to the conclusion that Defendant Wolf is not also entitled to qualified immunity as a matter of law. Even accepting Plaintiff Rodriguez's version of the facts, I conclude that Defendant Wolf did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.